IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


UNITED STATES OF AMERICA                          RESPONDENT

VERSUS                       CRIMINAL ACTION NO. 2:96cr30KS-MTP

                               CIVIL ACTION NO. 2:00cv63KS-MTP

KIRKSEY McCORD NIX, JR.                         DEFENDANT/MOVANT


**MEMORANDUM OPINION AND ORDER**

      This matter is before the court on motion of the defendant, Kirksey McCord Nix, Jr., to alter or amend this court's order denying his motion for Section 2255 relief pursuant to Rule 59(e), Federal Rules of Civil Procedure **[#816]**.  The court, having reviewed the motion and the response of the United States, and being otherwise fully advised in the premises, finds that the motion is not well taken and should be denied.  The court specifically finds as follows:

      On March 7, 2007, this court entered its order denying Nix's Section 2255 petition.  Feeling aggrieved with that decision, Nix has requested relief under Rule 59(e).  "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'"  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)(*quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief under Rule 59(e) is also appropriate when there has been an intervening change

in the controlling law. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir.2002).

In ruling on such a motion, the Fifth Circuit has instructed that "a district court should consider the following nonexclusive list of factors: (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion (2) the importance of the reconsideration of the underlying motion to the movant's case (3) whether the reasons set forth by the movant justifying the reconsideration were available to the movant before [he] responded to the underlying motion and (4) the likelihood that the non-movant will suffer unfair prejudice if the motion is reconsidered." *Harrigill v. U.S.A.,* 2004 WL 1595676 (S.D. Miss., June 1, 2004) (citing *Sturges v. Moore,* 73 Fed. Appx. 777, 778 (5th Cir. 2003)).

The present motion filed by Nix seeks to reargue the same facts and the application of the same law to those facts as was argued in the original motion and response. He is attempting a "second bite" at the apple. Neither the facts nor the law have changed in the intervening period of entry of the judgment and the present motion. Therefore, the court finds that the motion is not well taken and should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Nix's Motion to Alter or Amend the Judgment **[#816]** is denied and that any other pending motion is dismissed as moot.

SO ORDERED AND ADJUDGED this the 16th day of April, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE